UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:09CR-00179-CRS-DW-2
CIVIL ACTION NO. 3:16CV-00407-CRS

**CRAIG B. WRIGHT**                                                                                 **MOVANT/DEFENDANT**

VS.

**UNITED STATES OF AMERICA**                                                          **RESPONDENT/PLAINTIFF**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Craig B. Wright ("Wright") has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 challenging his conviction in light of the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). (DN 259). The United States has filed a response (DN 265), and Wright has filed a reply (DN 271). Wright has also filed a motion for appointment of counsel. (DN 270). The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 262). For the following reasons, the Court recommends both Wright's § 2255 motion and motion for appointment of counsel be **denied.**

### FINDINGS OF FACT

In December of 2009, a federal grand jury indicted Craig B. Wright, among others, with one-count of conspiracy to knowingly and intentionally possess with intent to distribute five

kilograms or more of cocaine. (DN 30, at p. 1). Ten months later Wright entered into a plea agreement where the United States agreed to recommend a sentence of imprisonment at the low end of the applicable guideline range and recommend a reduction of three levels for acceptance of responsibility in exchange for Wright's guilty plea. (DN 138, at pp. 5-6). The plea agreement recommended that Wright be sentenced as a "career offender" under U.S.S.G. § 4B1.1 based on his prior convictions of assault in the first degree and trafficking in marijuana. (Id. at p. 6). The Presentence Investigation Report ("PSR") corroborated Wright's career offender status, stating that because the offense of conviction is a controlled substance offense and Wright had two prior felony convictions for either a controlled substance offense or crime of violence, his sentence should be enhanced under § 4B1.1(a). (DN 186, at p. 8). In February of 2011, the Court sentenced Wright to 120 months of imprisonment with a 5-year term of supervised release to follow. (DN 181, at pp. 3-4).

## CONCLUSIONS OF LAW

### A. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in custody may move the court that imposed the sentence to vacate, set aside, or correct that sentence on grounds that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a). Where the prisoner alleges constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings to warrant relief. Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); Humphress v. United States, 398 F.3d 855, 858 (6th Cir.

2005). Non-constitutional errors, on the other hand, are generally outside the scope of § 2255 relief and only merit relief if the prisoner establishes a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Farley, 512 U.S. 339, 348, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000).

### B. Analysis

In the instant motion to vacate Wright argues that in light of Johnson v. United States, 135 S.Ct. 2551 (2015), he no longer qualifies as a career criminal based on his prior felony convictions. (DN 259, at p. 2). The United States responds that Wright's motion should be denied on two grounds: (1) Wright waived his right to appeal in his plea agreement and (2) Johnson does not apply to Wright's sentence. (DN 265, at pp. 2-5).

#### 1. Did Wright's plea agreement waive any Johnson claim?

As an initial matter, the United States' argument that Wright waived his right to challenge his conviction under Johnson is unsuccessful. The Sixth Circuit recently permitted a habeas petitioner's Johnson claim to proceed to merits review, finding that petitioner's waiver in his pre-Johnson plea agreement was not enforceable. United States v. McBride, 826 F.3d 293, 295 (6th Cir. 2016). Because "a defendant can abandon only '*known* right[s],'" and the Johnson case was decided after petitioner's sentencing, the court determined petitioner "could not have intentionally relinquished a claim based on Johnson." Id. (quoting United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993)).

Not all federal courts have taken the Sixth Circuit's approach in McBride in analyzing this issue. For instance, both the Second Circuit and Third Circuit have found that a plea agreement's waiver provision forecloses a petitioner's efforts to make a Johnson challenge to a sentencing guidelines calculation on appeal. United States v. Blackwell, -- F. App'x --, 2016

WL 3190569, at *2 (2d Cir. June 1, 2016); United States v. Agurs, 629 F. App'x 288, 280 n. 6 (3d Cir. 2015).[1]  In Agurs, the court relied on the Third Circuit's well-established principle that "[a]n intervening change in the law does not render the appellate waiver unknowing or involuntary." 629 F. App'x at 280 n. 6 (citing United States v. Lockett, 406 F.3d 207, 213 (3d Cir. 2005).  The court in Blackwell similarly reasoned that a petitioner's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver." 2016 WL 3190569, at *2 (quoting United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005)).  Rather, Blackwell noted that the possibility of a favorable change in the law after a plea agreement waiver is "simply one of the risks that accompanies plea agreements." Id. (quoting Morgan, 406 F.3d at 137).

Nevertheless, this Court is bound by Sixth Circuit precedent in McBride, inasmuch as it was decided on indistinguishable facts.  For that reason, Wright's collateral attack waiver does not bar his Johnson claim, and the Court will evaluate Wright's claim on the merits.

2. Does Johnson apply to Wright's sentence?

Wright alleges that he was improperly sentenced under U.S.S.G. §4B1.1(a) because his prior convictions for assault and drug trafficking no longer qualify him as a career offender. Wright cites to the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016) to argue the Kentucky assault statute "is indivisible and overly broad and therefore cannot be used as a career offender predicate offense." (DN 271, at p. 2).  Wright contends the same logic

---

[1] See also Thomas v. United States, No. 09-20058, 2016 WL 4596342, at *3 (C.D. Ill. Sept. 2, 2016); Scott v. United States, 10-cr-954 (KBF), 2016 WL 3906705, at *2 (S.D.N.Y. July 13, 2016);  Vasquez v. United States, 13-cr-58 (KBF), 2016 WL 3748504, at * 2 (S.D.N.Y July 11, 2016); United States v. Richards, No. CR-07-314-C, 2016 WL 3080903, at *3 (W.D. Ok. May 31, 2016); Bradley v. United States, No. 2:12-cr-20203-JPM-1, 2016 WL 626572, at *5 (W.D. Tenn. Feb. 16, 2016); Tucker v. Snyder-Norris, No. 0:15-53-HRW, 2015 WL 5826825, at *3 (E.D. Ky. Oct. 1, 2015).

applies to his prior drug trafficking conviction. (Id. at p. 3). The United States clarifies that Wright's prior convictions did not fall under the residual clause invalidated by Johnson but rather are part of the enumerated offenses that remain in the statute. (DN 265, at pp. 4-5).

In Johnson v. United States, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2563. Recently, the Sixth Circuit joined the majority of Circuits in holding that Johnson compels the invalidation of the identically worded residual clause from the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a) as unconstitutionally vague.[2] United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016).

A defendant is a "career offender" for sentencing purposes under U.S.S.G. §4B1.1(a) if (1) he was at least eighteen years old at the time he committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

At the time that Wright was sentenced the guidelines provided three definitions for "crime of violence." The first is known as the elements clause and refers to any offense that "has an element the use, attempted use, or threatened use of physical force against the person of another." §4B1.2(a)(1). Second, the "enumerated crimes clause" covers any offense that is "burglary or a dwelling, arson, or extortion, [or] involves the use of explosives[.]" §4B1.2(b). Finally, the "residual clause" covers "conduct that presents a serious potential risk of physical injury to another." Id. Pawlak, like Johnson, only invalidated the residual clause of U.S.S.G. §

---

[2] A decision regarding the applicability of Johnson to the Sentencing Guidelines is currently pending before the United States Supreme Court, but this Court has assumed for the purposes of this motion that Johnson applies to invalidate the residual clause in the Sentencing Guidelines. See Beckles v. United States, No. 15-8544.

5

4B1.1(b) but did not affect the legitimacy of the elements clause or the enumerated crimes clause. 235 S. Ct. at 2563. In other words, neither Johnson nor Pawlak invalidates a petitioner's sentence where the sentencing court did not rely on the residual clause to apply the career-offender enhancement.

As discussed above, the Court sentenced Wright as a "career offender" under U.S.S.G. § 4B1.1(a) because he had two prior convictions for either a controlled substance offense or a crime of violence. (DN 186, at p. 8). One conviction was for "trafficking in marijuana while in possession of a firearm" from Jefferson Circuit Court and the other was for first degree assault, also in Jefferson Circuit Court. (Id.). Neither of these convictions fall into the now-defunct residual clause.

First, it is clear that Wright's prior conviction for trafficking in marijuana qualified as a "controlled substance offense" under U.S.S.G. § 4B1.2(b), rather than a "crime of violence" under the residual clause, and is therefore unaffected by Johnson and Pawlak. Second, under Kentucky law at the time of Wright's conviction, first degree assault qualified as a "crime of violence" under the elements clause. United States v. Colbert, 525 F. App'x 364, 369 (6th Cir. 2013) (citing United States v. Anderson, 695 F.3d 390, 400 (6th Cir. 2012) (addressing "use of force" clause in the ACCA)). Because KRS § 508.010 required proof of "serious physical injury," it thus had "as an element the use, attempted use, or threatened use of physical force against the person of another."[3]  Id. (quoting Anderson, 695 F.3d at 400 (quoting 18 U.S.C. §

---

[3] Based on the Court's analysis, Wright's reliance on Mathis v. United States, 136 S. Ct. 2243 (2016) is misplaced. Mathis reinforced that sentencing courts must apply the "categorical approach" in determining whether a defendant's sentence should be enhanced as a career offender. The categorical approach asks whether the crime of conviction is the same as, or narrower than, the relevant generic offense. Id. at 2257. When the elements of a state's statute are broader than those of the generic offense, the conviction cannot give rise to a sentencing enhancement. Here, the Court analyzed Wright's claim using the categorical approach in finding that the Kentucky assault statute had an element the use, attempted use or threatened use of physical force against the person of another. *See* Colbert

924(e)(2)(B)(i)); *see also* United States v. Collins, 799 F.3d 554, 597 (6th Cir. 2015) (The Sixth Circuit holds "that crimes which require proof of physical injury necessarily have "'as an element the use, attempted use, or threatened use of physical force against the person of another'" and thus qualify as crimes of violence under the elements clause[.]"). For that reason, the sentencing court did not rely exclusively on the residual clause in enhancing Wright's sentence, and Johnson and Pawlak do not apply to his circumstances. The Court recommends Wright's Johnson claim be denied.

3. Certificate of Appealability

To warrant the grant of a Certificate of Appealability, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review, this Court does not believe reasonable jurists would find its assessment of Wright's Johnson claim to be debatable or wrong. The Court recommends a Certificate of Appealability be **denied** as to Wright's claim.

4. Motion for Appointment of Counsel

In a separate motion, Wright argues for appointment of counsel because of the complex nature of his claim involving Johnson v. United States, 135 S. Ct. 2551 (2015). (DN 270). The rules regarding the appointment of counsel in § 2255 habeas actions provide as follows: "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have appointed counsel under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing § 2255 Proceedings. Additionally, "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18

---

v. United States, No. 3:10-CR-151-R, 2014 WL 5437072, at *4, *8 (W.D. Ky. Aug. 22, 2014). Any additional Mathis-related inquiry is unnecessary under these circumstances.

7

U.S.C. § 3006A." Rule 6(a) of the Rules Governing § 2255 Proceedings. Otherwise, appointment of counsel in a § 2255 action may be provided when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether appointment of counsel is required for prisoners seeking habeas relief . . . , the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." Satter v. Class, 976 F. Supp. 879, 885 (D.S.D. 1997).

Here, the interests of justice do not require appointment of counsel. The Court has already determined that Wright's Johnson claim is meritless and that no evidentiary hearing or discovery is necessary. Given these circumstances, the Court **DENIES** Wright's motion for appointment of counsel.

RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Wright's motion to vacate (DN 259) be **DENIED**. It is further recommended that Wright's motion for appointment of counsel (DN 270) be **DENIED** and issuance of a Certificate of Appealability be **DENIED.**

NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd U.S. 140 (1984).


Copies:    Craig B. Wright, *pro se*
              Counsel of Record