UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRAIG B. WRIGHT                                                                                                    MOVANT

v.                                                    CRIMINAL ACTION NO. 3:09-CR-00179-CRS-DW-2
                                                      CIVIL ACTION NO. 3:16-CV-00407-CRS

UNITED STATES OF AMERICA                                                                               RESPONDENT

**MEMORANDUM OPINION**

I.   Introduction

Craig B. Wright filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, ECF No. 259. He challenges his conviction in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate 2, ECF No. 259. The United States responded, ECF No. 265. Wright replied, ECF No. 271. Wright also filed a motion for appointment of counsel in his pending § 2255 proceedings. Mot. Appt., ECF No. 270.

The magistrate judge made findings of fact, conclusions of law, and a recommendation. R. & R., ECF No. 272. Wright objects to the magistrate judge's analysis of the impact of *Mathis v. United States*, 136 S. Ct. 2243 (2016) on his motion to vacate. Obj., ECF No. 276.

For the reasons below, the Court will deny both Wright's § 2255 motion to vacate and motion for appointment of counsel.

II.   Magistrate Judge's Findings of Fact

In December of 2009, a federal grand jury indicted Wright with one count of conspiracy to knowingly and intentionally possess with intent to distribute five kilograms or more of cocaine. R. & R. 1–2, ECF No. 272. Ten months later, Wright entered into a plea agreement,

1

which recommended that Wright be sentenced as a "career offender" under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 based on his prior convictions of assault in the first degree and trafficking in marijuana. *Id.* at 2. The Presentence Investigation Report ("PSR") supported Wright's career offender status, stating that because the offense of conviction is a controlled substance offense and Wright had two prior felony convictions for either a controlled substance offense or crime of violence, his sentence should be enhanced under U.S.S.G. § 4B1.1(a). *Id.* In February 2011, the Court sentenced Wright to 120 months of imprisonment with a 5 year term of supervised release to follow. *Id.*

The Court construes Wright's objection as an objection to the magistrate judge's conclusions of law. The Court shall make a de novo determination of the conclusions to which Wright objected. *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). The Court accepts and adopts the magistrate judge's factual findings to which Wright did not object. *See* 28 U.S.C. § 636(b)(1)(B).

    III.    <u>Magistrate Judge's Conclusions of Law and Recommendation</u>

Wright's sole objection is to the magistrate judge's application of *Mathis* to Wright's prior assault conviction being used as a career offender predicate offense. Obj. 1–2, ECF No. 276. A defendant is a "career offender" for sentencing purposes under U.S.S.G. § 4B1.1(a) if:

> (1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). At the time that Wright was sentenced, the guidelines provided three definitions for "crime of violence," one of which has since been invalidated by *Johnson*.[1] R. & R. 5, ECF No. 272. The remaining two definitions are known as the elements clause and the enumerated crimes clause. *Id.* The elements clause refers to any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The enumerated crimes clause refers to various enumerated offenses, such as arson or extortion. U.S.S.G. § 4B1.2(a)(2). Under the enumerated crimes clause, to "determine whether a past conviction is for one of those [enumerated] offenses, courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense." *Mathis*, 136 S. Ct. at 2247. The "prior crime qualifies as [a U.S.S.G.] predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Id.* This analysis is known as the "categorical approach." *Id.* at 2248.

When a statute lists alternative ways of committing a crime, a court must first look to "whether its listed items are elements or means." *Id.* at 2256. Only if the listed items are alternative elements can the statute constitute a career offender predicate offense, whereas if they are alternative means, "the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution" and the statute is too broad. *Id.* A court can make this distinction by examining (1) a prior state court decision which answers the question; (2) whether the statutory alternatives carry different punishments, indicating that they are elements, or whether they merely offer illustrative examples, indicating that they are means; or (3) the record of the prior conviction, such as the indictment and jury instructions. *Id.* at 2256–57.

---

[1] While *Johnson* concerned the validity of the residual clause of the Armed Career Criminal Act, the Sixth Circuit held that *Johnson* compels the invalidation of the identically worded residual clause from U.S.S.G. § 4B1.2(a) as unconstitutionally vague. *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).

In Wright's reply to his motion to vacate, he asserted that his "prior charges are no longer qualifying predicates for career criminal enhancement in light of the Supreme Court's decision in *Mathis*," because Kentucky's assault statute "is indivisible and overly broad and therefore cannot be used as a career offender predicate offense." Wright's Reply 2, ECF No. 271. The magistrate judge determined that, at the time of Wright's conviction, first degree assault qualified as a "crime of violence" under the elements clause of U.S.S.G. § 4B1.2(a). R. & R. 5–6, ECF No. 272. The magistrate judge relied upon the Sixth Circuit's holding that "crimes which require proof of physical injury necessarily have 'as an element the use, attempted use, or threatened use of physical force against the person of another' and thus qualify as crimes of violence under the elements clause." *Id.* at 7 (citing *United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015)). Because the applicable assault statute, Kentucky Revised Statutes § 508.010, required proof of "serious physical injury," the magistrate judge determined that Wright's assault conviction qualified as a "crime of violence" under the elements clause, to be used as a career offender predicate offense. *Id.* at 6. The magistrate judge further responded to Wright's *Mathis* argument by stating:

> Based on the Court's analysis, Wright's reliance on *Mathis* . . . is misplaced. *Mathis* reinforced that sentencing courts must apply the "categorical approach" in determining whether a defendant's sentence should be enhanced as a career offender. The categorical approach asks whether the crime of conviction is the same as, or narrower than, the relevant generic offense. *Id.* at 2257. When the elements of a state's statute are broader than those of the generic offense, the conviction cannot give rise to a sentencing enhancement. Here, the Court analyzed Wright's claim using the categorical approach in finding that the Kentucky assault statute had an element [sic] the use, attempted use or threatened use of physical force against the person of another. *See Colbert v. United States*, No. 3:10-CR-151-R, 2014 WL 5437072, at *4, *8 (W.D. Ky. Aug. 22, 2014). Any additional *Mathis*-related inquiry is unnecessary under these circumstances.

*Id.* at 6–7 n.3 (formatting modified).

Kentucky's first degree assault[2] statute deems a person guilty of a Class B felony if:

> (a) He intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or (b) Under circumstances manifesting extreme indifference to the value of human life he wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person.

Ky. Rev. Stat. Ann. § 508.010 (formatting modified). Wright calls this Court's attention to the definition of "deadly weapon" to show that this statute is broader than the generic offense of assault. Obj. 2–3, ECF No. 276. The definitions for the Kentucky Penal Code provide that:

> (4) "Deadly weapon" means any of the following: (a) A weapon of mass destruction; (b) Any weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged; (c) Any knife other than an ordinary pocket knife or hunting knife; (d) Billy, nightstick, or club; (e) Blackjack or slapjack; (f) Nunchaku karate sticks; (g) Shuriken or death star; or (h) Artificial knuckles made from metal, plastic, or other similar hard material.

Ky. Rev. Stat. Ann. § 500.080(4) (formatting modified). Thus, Wright argues, "the phrase 'by means of a deadly weapon' is an element of Kentucky's [first] degree assault statute, and . . . the separate definition of 'deadly weapon' lists means for committing that element." Obj. 3, ECF No. 276. According to Wright, these alternative means for meeting the element of "by means of a deadly weapon" make this statute "broader than the generic definition of assault." *Id*. As a result, he argues, his assault conviction cannot be used as a career offender predicate offense and he no longer qualifies as a career offender. *Id.* at 3–4.

This Court agrees with the magistrate judge in determining that Wright's reliance on *Mathis* is misplaced. This case can be easily distinguished from *Mathis*. The categorical

---

[2] Wright states in his objection that he was convicted of second degree assault. Obj. 2, ECF No. 276. Examination of the plea agreement and PSR in this case confirms that Wright's prior assault conviction was for assault in the first degree. Plea Agreement 6, ECF No. 138; PSR 8, ECF No. 186. Because both the first and second degree assault statutes include the phrase "by means of a deadly weapon," this Court will proceed with this analysis using the first degree assault statute. *See* Ky. Rev. Stat. Ann. § 508.010–020.

5

approach in *Mathis* is used to determine whether a prior offense fits within the "generic" definition of an offense outlined in the enumerated crimes clause. This analysis cannot be applied to the elements clause of U.S.S.G. § 4B1.2(a)(1) because the elements clause does not list "generic" offenses. Rather, the elements clause is much broader and encompasses any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The Sixth Circuit held that "crimes which require proof of physical injury necessarily have 'as an element the use, attempted use, or threatened use of physical force against the person of another' and thus qualify as crimes of violence under the elements clause." *Collins*, 799 F.3d at 597 (citing *United States v. Anderson*, 695 F.3d 390, 400–01 (6th Cir. 2012)). Neither *Collins* nor *Anderson* apply the categorical approach, yet both were decided years after the Supreme Court laid out the categorical approach in *Taylor v. United States*, 495 U.S. 575, 600–01 (1990). Thus, it is clear that the categorical approach is not applied when dealing with prior offenses that fall into the elements clause. Wright's prior first degree assault conviction qualifies as a career offender predicate offense, and Wright's motion to vacate will be denied.

    IV.    <u>Certificate of Appealability</u>

The magistrate judge concluded that Wright was not entitled to a certificate of appealability because he did "not believe reasonable jurists would find [his] assessment of Wright's *Johnson* claim to be debatable or wrong." R. & R. 7, ECF No. 272.

This Court cannot issue a certificate of appealability unless the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On de novo review, this Court finds that reasonable jurists would not find this assessment of Wright's *Johnson* claim to

be debatable or wrong. Wright's claim fails as a matter of law. *See* R. & R. 6–7, ECF No. 272. Moreover, *Mathis* does not change the outcome of this decision because it is distinguishable from, and thus inapplicable to, this case.

Therefore, the Court will deny a certificate of appealability on the *Johnson* claim raised in Wright's motion to vacate.

## V. Motion for Appointment of Counsel

Wright also moves for appointment of counsel for his *Johnson* claim. Mot. Appointment, ECF No. 270. According to the Rules Governing § 2255 Proceedings for the United States District Courts, "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have appointed counsel under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing § 2255 Proceedings. Moreover, "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a) of the Rules Governing § 2255 Proceedings. Otherwise, appointment of counsel may be provided when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether appointment of counsel is required, "the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

None of this applicable law or the interests of justice require appointment of counsel. Wright's *Johnson* claim is meritless as a matter of law, and no evidentiary hearing or discovery is necessary. The Court will deny Wright's motion for appointment of counsel.

## VI. Conclusion

The Court will deny Wright's motion to vacate. The Court will deny Wright a certificate of appealability. The Court will deny Wright's motion for appointment of counsel.

The Court will issue an order in accordance with this opinion.

December 6, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

8